UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE BARTEL,

    Plaintiff,

v.

OLA ELSAID, *et al.*,

    Defendants.

Case No. 23-cv-10327
Hon. Matthew F. Leitman

_____/

## **ORDER CONCERNING ENTRY OF JUDGMENT**

This action arose out of Plaintiff Christine Bartel's sale of a business (called Helping Hand Home Healthcare LLC, d/b/a Hope at Home Health Care "Helping Hands") to Defendant Ola Elsaid. Following the closing on the sale transaction, disputes arose between the parties regarding (1) the results of the post-closing accounting and (2) how to treat certain Employee Tax Retention Credit checks (the "ETRC Checks").

Shortly after the action was filed, the Court convened a settlement conference with Bartel, Elsaid, and their respective counsel. The conference was successful, and a settlement was placed on the record. (*See* Settlement, ECF No. 15.) The key component of the settlement was the agreement by the parties to have a forensic accountant perform an audit on the books and record of Helping Hands and to have the auditor then determine which party owed the other money and in what amount.

(*See id.*, PageID.141-42.) Another important component of the settlement concerned the ETRC Checks. The parties agreed that (1) Bartel was entitled to receive all ETRC checks issued by the Internal Revenue Service for Helping Hands for 2020 and/or 2021 other than an ETRC check in the amount of $227,947.25, and (2) if the IRS re-issued[1] an ETRC Check in the amount of $227,947.25, the check would be deposited into the client trust account of one of the attorneys of record, and the disposition of that check would be addressed in a further order of the Court. (*See id.*, PageID.143.)

After the settlement was placed on the record, the parties jointly engaged Michael R. Lotito, CPA, to conduct the forensic audit called for in the settlement and to make the final determination of the amounts owing between the parties. Thereafter, counsel for both parties withdrew from this action, and both parties proceeded pro se.

Mr. Lotito issued his final report on April 10, 2024. A copy of the report has been filed under seal on the Court's docket. In connection with the report, Mr. Lotito certified that he has reviewed all correspondence received from the parties

---

[1] The IRS had previously issued a check in the amount, Elsaid had deposited that check into her account, and Bartel was attempting to get the IRS to re-issue the check to her.

concerning their respective positions on the accounting disputes and that he has addressed all of their questions concerning the accounting issues.

As his final conclusion, Mr. Lotito determined that Elsaid owes Bartel $161,181.12. Notably, as part of his calculations, Mr. Lotito accounted for the fact that Elsaid received and deposited into her account the ETRC Check for $227,947.25.

On April 10, 2024, the Court held an on the record status conference with the parties to discuss (1) Mr. Lotito's report and (2) a path forward to bring this action to completion. After a lengthy discussion, the Court, on its own motion, determined that it would issue this order with the terms of a proposed judgment and would then give the parties thirty days to file written objections to the proposed judgment.

Having again carefully reviewed the terms of the settlement placed on the record and the determination made by Mr. Lotito, the Court proposes to enter a judgment in favor of Bartel and against Elsaid in the amount of $161,181.12. The Court further proposes that the judgment will provide that (1) Bartel is entitled to receive any ETRC Check issued (or to be issued) by the IRS to Helping Hands for tax years 2020 and/or 2021 (including but not limited to an ERTC Check in the amount of $111,898.99 for tax year 2020), (2) Elsaid shall takes all steps reasonably necessary to assist Bartel in obtaining such checks from the IRS and/or having the IRS re-issue those checks to Bartel, and (3) if the IRS issues those checks to Elsaid

and/or an entity controlled by Elsaid, then Elsaid shall endorse those checks over to Bartel and shall not negotiate them.

If the parties have any objections and/or proposed additions/deletions to the terms of the judgment proposed in the preceding paragraph, they shall file those objections/additions/deletions in writing with the Clerk of the Court by not later than **May 17, 2024**. Any objection/addition/deletion not filed in writing by that date shall be **waived**. Once the Court reviews the parties' objections/deletions/additions, if any, the Court will proceed to enter final judgment in this action.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 11, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 11, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126