UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE BARTEL,

    Plaintiff,                                      Case No. 23-cv-10327
                                                    Hon. Matthew F. Leitman

v.

OLA ELSAID, *et al.*,

    Defendants.
_____/

## ORDER RESOLVING PARTIES' OBJECTIONS
## TO COURT'S PROPOSED JUDGMENT

On April 11, 2024, the Court entered an order setting forth the proposed terms of the judgment it intended to enter in this action and directing the parties to file any objections they had to the proposed terms. (*See* Order, ECF No. 40.) The parties have now filed their objections, and the Court rules on them below.

**Plaintiff's Objections**

    1.    Plaintiff first objects that she should be awarded an additional $179.608.50. This amount represents an account receivable for Helping Hand Home Health Care, LLC ("Helping Hand") – the business that Plaintiff sold to Defendant Elsaid. (*See* "Appeal #1, ECF No. 43, PageID.532.[1]) The account receivable is for

---

[1] Plaintiff labeled each objection as an "Appeal." Some of her Appeals assert more than one objection.

amounts owing for services rendered before the closing on the sale of the business. Plaintiff suggests that the auditor should have credited her for the amount of this receivable because under the asset purchase agreement for the sale of Helping Hand, she is entitled to accounts receivable representing amounts owing for services rendered before the closing date. This objection is **GRANTED IN PART AND OVERRULED IN PART**. There is no evidence or indication that the account receivable identified by Plaintiff has been collected or received, so there is no basis to award Plaintiff the requested $179,608.50 at this time. However, if any portion of this receivable is collected by Defendants going forward, the collected funds shall be paid to Plaintiff. Granting this relief is consistent with the methodology applied by the auditor. He credited Plaintiffs for accounts receivable for services rendered before closing because he recognized that she had a right to such receivables under the parties' sale agreement.

2. Plaintiff seems to object that she should be awarded $111,898.99 – which is the amount of an Employee Tax Retention Credit ("ERTC") that is owed to Plaintiff under the sale agreement. (*See* "Appeal #1," ECF No. 43, PageID.532.) Plaintiff seems to suggest that the auditor should have credited her for this amount. This objection is **OVERRULED**. The credit/check in question has not been received by Defendants, so there is no basis to credit Plaintiff for it. However, as the Court set forth in the proposed judgment terms, the Court's final judgment will

require Defendants to take all steps reasonably necessary to cause the Internal Revenue Service to issue to Plaintiff the ERTC check in the amount of $111,898.99. In the end, Plaintiff should receive those funds.

3. Plaintiff objects that Defendants should be required to complete a Form 8821 that will authorize the Internal Revenue Service to speak to Plaintiff about ERTC refund payments/checks owed to Helping Hand for 2020 and 2021. (*See* "Appeal #2," ECF No. 43, PageID.532.) This objection is **SUSTAINED**, and the Court will include Plaintiff's proposed term in the final judgment. Plaintiff's proposed term is proper because it provides additional detail to one of the judgment terms already proposed by the Court – the proposed term requiring Defendants to take all reasonable steps to assist Plaintiff in obtaining the ERTC credits/checks for 2020 and 2021. And it is appropriate to include that term in the judgment because the parties' settlement provides that these credits/checks belong to Plaintiff.

4. Plaintiff objects that Defendants should be required to pay the funds awarded to Plaintiff in the judgment into a trust account administered by the Court. This objection is **OVERRULED**. Plaintiff raises the objection because she is concerned about her ability to collect the amounts awarded to her in the judgment, and she believes that collection will be easier if Defendants are ordered to make payment into a court-administered account. The Court does not aid collection efforts

3

in the manner proposed by Plaintiff. Plaintiff has other collection devices available to her under law.

5. Plaintiff objects on the ground that the judgment should provide that (a) all ERTC refunds/checks owed to Helping Hand for 2020 and 2021 belong to Plaintiff and (b) Plaintiff has the authority to open a bank account in Helping Hand's name and negotiate the ERTC refunds/checks for those years once they are issued and/or reissued. (*See* "Appeal #4," ECF No. 43, PageID.533.) This objection is **SUSTAINED IN PART AND OVERRULED IN PART**. The Court's final judgment will provide that, going forward, Plaintiff has the right to all ERTC refunds/checks issued in connection with Helping Hand for 2020 and 2021, other than the check for $227,947.25 (if such check is ever re-issued by the Internal Revenue Service). The parties' settlement gave Plaintiff the right to all ERTC refunds/checks issued in connection with Helping Hand for 2020 and 2021, so it is proper that the judgment award those refunds/checks to Plaintiff and provide Plaintiff the authority to negotiate them. However, Plaintiff is not entitled to any relief with respect to the ERTC check for $227,947.25 because the auditor credited Plaintiff for that full amount in his determination of the amounts owing between the parties. Thus, to allow Plaintiff to obtain that amount again – if the Internal Revenue Service were, for some reason, to re-issue a check in that amount – would improperly afford Plaintiff a double recovery.

6. Plaintiff finally objects that the Court should consider actions by Defendants that supposedly delayed payments by the IRS. (See "Appeal #5," ECF No. 43, PageID.533.) This objection is **OVERRULED**. The purpose of the Court's order is to effectuate the settlement reached by the parties, and the settlement did not include a provision for delay-based costs/expenses/damages.

**Defendants' Objections**

1. Defendants object that the auditor did not sufficiently communicate with them or consider their positions. (*See* Objection 2, ECF No. 41, PageID.518.[2]) This objection is **OVERRULED**. During an on-the-record discussion with the Court, the auditor that he considered all of the parties' contentions with respect to the figures in his final audit report, and the Court accepts the auditor's confirmation.

2. Defendants object that the auditor wrongly considered certain funds as "Loans from Plaintiff." (*See* Objection 3, ECF No. 41, PageID.518.) This objection is **OVERRULED**. The parties agreed to be bound by the auditor's determinations. Defendants have not persuaded the Court that the auditor's handling of this issue was tainted and/or sufficiently erroneous that it should be set aside.

---

[2] Defendants' Objection 1 is not really an objection. Rather, it appears to be Defendants' version of some portion of the background facts and circumstances. (*See* Objection 1, ECF No. 41, PageID.518.)

5

3. Defendants object that Plaintiff "consistently falsified facts." (*See* Objection 4, ECF No. 41, PageID.519.) This objection is **OVERRULED**. There is no basis to grant relief based on such a generalized objection. Moreover, Defendants had the opportunity to identify for the auditor any alleged falsifications by Plaintiff.

4. Defendants object that the auditor did not accurately account for the ownership of, and payments concerning, certain laptop computers. (*See* Objection 6, ECF No. 41, PageID.520.[3]) This objection is **OVERRULED**. The parties agreed to be bound by the auditor's determinations. Defendants have not persuaded the Court that the auditor's handling of this issue was tainted and/or sufficiently erroneous that it should be set aside.

5. Defendants object to the auditor's rent calculations. (*See* Objection 7, ECF No. 41, PageID.520.) This objection is **OVERRULED**. The parties agreed to be bound by the auditor's determinations. Defendants have not persuaded the Court that the auditor's handling of this issue was tainted and/or sufficiently erroneous that it should be set aside.

---

[3] Defendants' Objection 5 is incomplete. It says that the auditor left certain issues for the Court to decide, but it does not identify those issues. (*See* Objection 5, ECF No. 41, PageID.519.)

6.  Defendants broadly object to the auditor's methods and qualifications. (*See* Objection 8, ECF No. 41, PageID.521.) This objection is **OVERRULED**. The parties jointly chose the auditor. And Defendants have not persuaded the Court that any of his methods were so improper as to warrant setting aside his determinations.

7.  Defendants object that Plaintiff has "maliciously and persistently done everything in her power to sabotage and destroy" Helping Hand. (*See* Objection 9, ECF No. 41, PageID.522.) This objection is **OVERRULED**. The parties vigorously dispute which of them acted inappropriately, and the whole point of the settlement reached by the parties is to resolve that dispute. This objection presents no basis to disturb the settlement or the determinations made by the auditor.

## **Conclusion**

As this Court has indicated numerous times on the record in this action, bringing this action to a conclusion has been an enormous challenge. The ill-will between the parties here is as intense as any the Court has encountered in its ten years of service. And the task of completing these proceedings has been made far more difficult in light of the fact that the lawyers for these feuding parties both withdrew from this action. The Court has done its absolute best to bring these proceedings to a conclusion consistent with the binding settlement terms placed on the record more than one year ago. To complete these proceedings, the Court will

enter a final judgment along the lines it proposed earlier (*see* ECF No. 41), but with the modifications noted herein.

    **IT IS SO ORDERED.**

                                               s/Matthew F. Leitman
                                               MATTHEW F. LEITMAN
                                               UNITED STATES DISTRICT JUDGE

Dated:  June 18, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 18, 2024, by electronic means and/or ordinary mail.

                                               s/Holly A. Ryan
                                               Case Manager
                                               (313) 234-5126