UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE BARTEL,

    Plaintiff,

v.

OLA ELSAID, *et al.*,

    Defendants.
_____/

Case No. 23-cv-10327
Hon. Matthew F. Leitman

### ORDER RESOLVING AND TERMINATING PLAINTIFF'S MOTION FOR CONTEMPT (ECF No. 53)

Now before the Court is a motion by Plaintiff Christine Bartel for entry of an order holding Defendants Ola Elsaid and Helping Hand Home Healthcare, LLC d/b/a Hope at Home Health Care ("HH") in contempt. (*See* Mot., ECF No. 53.) The Court held an on the record status conference with the parties on September 19, 2024, to discuss the motion. On the record, the parties stipulated to the entry of an order on the following terms to resolve the pending contempt motion and other matters:

    1.    Under the judgment entered by the Court on June 18, 2024 (ECF No. 45), Elsaid and HH, jointly and severally, owe Bartel $161,181.12. Elsaid and HH shall satisfy that judgment by paying Bartel $4,000 (four thousand dollars) per month until the judgment is paid in full. The payments to Bartel shall be made as follows. Every time that HH issues its payroll (which is two times per month), HH

1

shall issue a check to Bartel for $2,000 (two thousand dollars). Each check shall be made payable to Christine Bartel (and there shall be no withholding from any check) and shall be mailed to Bartel at the following address: 16395 Prairie Farm Circle, Parker, Colorado, 80134. Elsaid shall personally instruct HH's payroll company, Liberty CMS, to prepare and issue the aforementioned checks to Bartel. The checks shall be mailed to Bartel at the same time and in the same manner as all other payroll checks contemporaneously issued by Liberty CMS on behalf of HH. These payments to Bartell shall commence with the next series of payroll checks issued by Liberty CMS on behalf of HH.

  2. So long as Elsaid and HH are in compliance with their payment obligations set forth in paragraph 1 above, Bartel shall not conduct any post-judgment discovery designed to identify assets owned by Elsaid and/or HH, nor shall Bartel engage in any efforts to collect any amounts owing under the judgment. However, if Elsaid and HH are 21 (twenty-one) days or more delinquent on any payment owing under paragraph 1 above, then Bartel may commence post-judgment discovery and collection efforts.

  3. Elsaid shall direct Ehab Zaki from Optimum Accounting and Tax Services (the tax and accounting firm for Elsaid and HH) to contact Rich Crowley of JM & E Consulting, LLC (the tax and accounting firm for Bartel). Zaki shall identify for Crowley the tax return information for HH for tax year 2022 (for the

portion of the year that Bartel owned HH) that Elsaid and/or HH need in order to finalize their tax returns for tax year 2022.  Bartel shall direct Crowley to provide such information to Zaki.  Zaki shall not request and Crowley shall not provide tax or financial information relating to Bartel personally.  All communications between Zaki and Crowley shall be in writing between the following email addresses: Ezaki@optimumtaxes.com and Richcrowley@msn.com.

4. So long as Elsaid and HH are in compliance with their payment obligations set forth in paragraph 1 above, Bartel shall not contact HH's clients, patients, vendors, and/or payors.  However, if Elsaid and HH are 21 (twenty-one) days or more delinquent on any payment owing under paragraph 1 above, then this order shall no longer prevent Bartel from engaging in such communications.

5. All provisions of the judgment (ECF No. 45) remain in full force and effect.

6. The motion for contempt is **TERMINATED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 19, 2024

3

4

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 19, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126
