UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE BARTEL,

    Plaintiff,

Case No. 23-cv-10327
Hon. Matthew F. Leitman

v.

OLA ELSAID, *et al.*,

    Defendants.

_____/

### ORDER DENYING MOTION FOR NEGOTIATION OF CHECK (ECF No. 72) WITHOUT PREJUDICE

This action arose out Plaintiff Christine Bartel's sale of Helping Hand Home Healthcare LLC, d/b/a Hope at Home Health Care ("Helping Hand") to Defendant Ola Elsaid. The parties completed the sale under an Asset Purchase Agreement (the "Agreement"). (*See* Agreement, ECF No. 8-1, PageID.74.) The Agreement provided, among other things, that Bartel was entitled to any Employee Tax Retention Credit ("ERTC") checks issued to Helping Hand by the United States Internal Revenue Service (the "IRS") for tax years 2020 and 2021. At some point after the parties completed the sale transaction, Elsaid received an ERTC check made payable to Helping Hand for tax year 2021 in the amount of $227,947.25. Instead of transferring the check to Bartel, Elsaid negotiated the check and used the proceeds to fund Helping Hand. Bartel thereafter filed this action.

1

Shortly after the action was filed, the Court conducted a settlement conference with the parties and their attorneys. During the conference, Bartel and Elsaid each claimed that they were owed money by the other party. After much negotiation, the parties reached a settlement at the conclusion of the conference. As part of that settlement, the parties agreed to engage an accounting professional to conduct a forensic audit and to make a final determination of the amounts owing between the parties. (*See* Settlement Tr. 4/28/23, ECF No. 15, PageID.141-143.) The parties agreed to be bound by the professional's determination of the amounts owing between them.

The parties jointly engaged Michael R. Lotito, CPA, to conduct the forensic audit. He thereafter completed the audit, and a copy of his report has been filed under seal on the Court's docket. Critically, Mr. Lotito confirmed for the Court on the record (during a hearing at which he participated by telephone) that as part of his calculations, he accounted for the fact that Elsaid negotiated the ERTC check in the amount of $227,947.25 and retained those proceeds for Helping Hand's use. More specifically, Mr. Lotito confirmed that he treated the $227,947.25 as a debt owed by Elsaid to Bartel, and he accounted for that debt when he determined the total amounts owing between the parties. Mr. Lotito ultimately concluded that Elsaid owed Bartel a total of $161,181.12.

The Court has now entered a Final Judgment in this action. (*See* Judgment, ECF No. 45.) The Judgment is based in large part on the work performed and conclusions reached by Mr. Lotito. The Judgment provides, among other things, that Elsaid owes Bartel $161,181.12. (*See id.*) The Judgment also addresses Elsaid's concern that – due to a series of communications between Bartel and the IRS in which Bartel accused Elsaid of wrongfully negotiating the ERTC check in the amount of $227,947.25 (*see, e.g.*, Claim, ECF No. 72-2, PageID.727) – the IRS could potentially re-issue that check to Bartel. The Court agreed with Elsaid that because Mr. Lotito treated the $227,947.25 as a debt owing to Bartel when he calculated the amounts owing between the parties, Bartel should have no right to any re-issued ERTC check in that same amount. (*See* Judgment, ECF No. 45, PageID.564.) Simply put, the Court concluded that to permit Bartel to keep such a check would be to give her a double recovery. To that end, the Court stated in the Judgment that Bartel "shall have no right to any ERTC refund check in the amount of $227,947.25, if one is issued and/or re-issued by the Internal Revenue Service." (*Id.*) Bartel did not appeal from the Judgment.

It appears that on September 26, 2024, the IRS re-issued the ERTC check in the amount of $227,947.25. (*See* 9/26/24 Check, ECF No. 68-1.) On that same day, Bartel notified the Court that she received the check. (*See* Notice, ECF No. 68.) The Court thereafter entered an order prohibiting her from negotiating the check but

authorizing her to file a motion for permission to do so. (*See* Order, ECF No. 71, PageID.715-716.) Bartel has now filed such a motion. (*See* Mot.*,* ECF No. 72.) The Court concludes that the motion may be decided without oral argument. *See* Local Rule 7.1(f)(2). For the reasons explained below, the motion is **DENIED WITHOUT PREJUDICE.**

The Court declines to authorize Bartel to negotiate the check in the amount of $227,947.25 and use those funds for her personal purposes because, for the reasons explained above, the Court continues to believe that Bartel has already been credited for the full amount of the check. Thus, allowing Bartel to deposit the check and keep the proceeds would give her a double-recovery windfall.

Bartel counters that allowing her to negotiate the check dated September 26, 2024, would not result in a double recovery because the check does not represent the ERTC refund (for which she has already received credit). Instead, Bartel contends that the September 26, 2024, check represents "separate funds" that the IRS disbursed as "restitution" based upon its determination that Elsaid committed forgery when she negotiated the ERTC check in the amount of $227,947.25. (*See* Mot., ECF No. 72, PageID.719, 721.) Bartel also cites to a letter from the IRS noting that her account reflects an "overpayment" in the amount of $227,947.25, and she seems to suggest that the September 26, 2024, check may be refund of this

4

"overpayment," not a re-issuance of the ERTC check. (*See* Letter, ECF No. 72-4, PageID.730.)

Bartel's arguments do not persuade the Court that the September 26, 2024, check is anything other than a re-issuance of the ERTC check for which Bartel has already been credited. It appears to the Court that the following series of events led the IRS to send Bartel the check dated September 26, 2024: (1) the IRS completed its evaluation of Bartel's complaint that Elsaid committed forgery when she (Elsaid) deposited the ERTC check in the amount of $227,947.25; (2) the IRS determined that Bartel should have received the proceeds of the check; and (3) the IRS (while unaware that Bartel had been credited for those proceeds in the resolution of this action) therefore re-issued the check to Bartel.

Finally, the "overpayment" notation on Bartel's account with the IRS does not persuade the Court that the September 26, 2024 check is a refund to Bartel of funds that are entirely distinct from the ERTC check at issue. Indeed, the amount of the "overpayment" is the exact same amount as the ERTC check. Thus, the most logical explanation for the "overpayment" notation is that the IRS (1) initially determined that Bartel was owed an ERTC refund in the amount of $227,947.25, (2) sent her a check for that amount, (3) learned that Bartel did not receive the check (because Elsaid negotiated it), and (4) determined that Bartel's account was in "overpayment" status because the funds owed to her had not been successfully delivered to her.

5

Stated another way, it appears to the Court that the "overpayment" resulted from the non-delivery of the ERTC check in the amount of $227,947.25. Thus, the "overpayment" does not appear to be some independent sum of money to which Bartel is entitled.

For all of the reasons stated above, Bartel's motion for negotiation (ECF No. 72) is **DENIED WITHOUT PREJUDICE**. Nothing in this order prevents Bartel from filing another motion seeking permission to negotiate the September 26, 2024, check issued by the IRS if (and only if) she has additional proof, evidence, or explanation as to how the check is something other than a re-issuance of the ERTC check in the amount of $227,947.25 – for which she has already been credited.

Finally, Bartel shall not deposit, transfer, negotiate, or cash the September 26, 2024 check.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 30, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 30, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126